UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| MARISA E. DIGGS, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 08-0171 (RBW) |
| ) | |
| v. ) | |
| ) | |
| ARTHUR HARRIS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant[1] respectfully moves to dismiss the claims against it for lack of subject matter

jurisdiction and failure to state a claim under Rule 12(b)(1) and (6).  In short, plaintiff's claim for

assault must be dismissed under the Federal Tort Claims Act because she has not exhausted her

administrative remedies and, moreover, Congress has not waived the federal government's

sovereign immunity for this particular tort.  Further, plaintiff has not exhausted her

administrative remedies pursuant to Title VII, and fails to state a claim upon which relief may be

granted.  This motion is based on the memorandum in support, filed simultaneously herewith,

and the entire record in this case.

_____

[1] The original defendant, Arthur Harris, was replaced as defendant by the United States by
virtue of the certification that Mr. Harris was acting within the scope of his employment at the time
of the events alleged in the complaint.  *See* 28 U.S.C. § 2679(d)(1) and Ex. 1 hereto (certification).

Dated: February 5, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney



_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4112
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| MARISA E. DIGGS, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.: 08-00171 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| ARTHUR HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant, named in the complaint as Arthur Harris but properly identified as the United States of America, moves to dismiss the claims against it for lack of jurisdiction and failure to state a claim under Rule 12(b)(1) and (6).  Plaintiff brings a claim sounding in tort, alleging that Arthus Harris was disrespectful to her, and made her feel fearful and threatened during a meeting with her division director January 17, 2008 at the Department of Housing and Urban Development where plaintiff and Mr. Harris are employed.  She also alleges that on November 1, 2007, Mr. Harris threw documents in her work area.  To the extent plaintiff is alleging a tort claim, it must be dismissed under the Federal Tort Claims Act because plaintiff has not exhausted her administrative remedies and, moreover, Congress has not waived the federal government's sovereign immunity for this tort.  To the extent plaintiff is alleging a hostile work environment claim pursuant to Title VII of the Civil Right Act of 1964, she has not exhausted her administrative remedies, and she fails to state a claim upon which relief may be granted.

## I.    BACKGROUND

Plaintiff, Marisa E. Diggs, initially filed this action in D.C. Superior Court, alleging that because she felt threatened by a co-worker, that her co-worker should be ordered into an "anger management program," "stay 60 feet away from" her, and apologize "in writing and face to face."  See Plaintiff's Motion for TRO.  Specifically, Ms. Diggs's complaint alleges that Arthur Harris interrupted Ms. Diggs while she was in a meeting with the division director, and Mr. Harris did not say "excuse me."  See Plaintiff's Complaint.  When Ms. Diggs began to leave the division director's office, Mr. Harris was allegedly "looking at [her] with his eyes bucked, arms up and hands in a fist position blocking [Ms. Diggs] from leaving the director's office."  See id. Ms. Diggs shut the door.  See id.  She opened the door when told to do so by the division director.  See id.  Ms. Diggs looked around for Mr. Harris and left the division director's office. See id.  These events occurred at the Department of Housing and Urban Development ("HUD") where both are employed.

On January 29, 2008, defendant removed the action to federal court, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446 and 2679(d)(2).  At the same time, the United States filed as an attachment to the Notice of Removal a certification, pursuant to  28 U.S.C. § 2679(d), that defendant Harris was acting within the scope of his employment at the time of the incident alleged in the complaint.

## II.    LEGAL STANDARDS

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's

2

well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."

Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see

also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir.

2002). "The court is not required, however, to accept inferences unsupported by the facts alleged

or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64

(D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In

addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of

persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."

Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal

sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir.

1996). A complaint may be dismissed for failure to state a claim upon which relief may be

granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support

the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow

v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). A court should dismiss a

complaint for failure to state a claim when the complaint fails "to raise a right to relief above the

speculative level." E.g., Bell Atlantic v. Twonbly, 1275 S.Ct. 1955, 1956 (2007). The court

need not accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762

(D.C. Cir. 1997). In determining whether a complaint fails to state a claim, the Court may

consider only the facts alleged in the complaint, any documents either attached to or incorporated

in the complaint and matters of which it may take judicial notice. See E.E.O.C. v. St. Francis

Xavier Parochial Sch., 117 F.3d 621, 624-625 (D.C. Cir. 1997).  From the facts alleged in the complaint in this case, plaintiff can prove no set of facts that would entitle her to relief.

On January 29, 20086, the Attorney General, through Rudolph Contreras, Chief, Civil Division, Office of the United States Attorney for the District of Columbia, certified that individually-named federal defendant Arthur Harris was acting within the scope of his employment as a federal employee at the time of the incidents out of which plaintiff's claims in this action arose.  See Certification (attached hereto).  Barring an appropriate challenge, that certification operates to substitute the United States of America for individually-named federal defendant Harris.  See 28 U.S.C. § 2679(d)(1).

Here, as discussed further below, the claim is jurisdictionally barred.  First, to the extent plaintiff's claim resembles one sounding in tort, she has failed to comply with the mandatory administrative claim requirement of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. ("FTCA" or "the Act"), the only waiver of sovereign immunity for plaintiff's common law tort committed by another federal employee acting within the scope of his employment.  Based on the foregoing, then, this action against the United States must be dismissed under Federal Rule of Civil Procedure 12(b)(1).  Similarly, to the extent plaintiff is attempting to obtain equitable relief by alleging a hostile work environment, she has failed to exhaust her administrative remedies.  See 42 U.S.C. § 2000e-5(f)(1).

Moreover, even if plaintiff had exhausted her administrative remedies, her Complaint fails to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).  In essence, plaintiff complains that a colleague was rude to her and appeared physically intimidating.

4

However, none of the potentially applicable statutes are meant to be civility codes for federal employees.

## III.    ARGUMENT

### A.    The United States Must Be Substituted for the Individual Defendant.

The FTCA expressly provides that any common law tort suit brought against a federal employee must be treated as a suit against the United States once the Attorney General (or his delegate) certifies that the employee acted within the scope of his employment:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added).  In this case, the United States filed such a certification for the individual defendant contemporaneously with removal of this civil action.  Therefore, the individual defendant is entitled to immunity under section 2679.  See United States v. Smith, 499 U.S. 160, 162-63 (1991); Brown v. Armstrong, 949 F.2d 1007, 1010 (8th Cir. 1991).  In the place of the individual defendant, the United States is substituted as the exclusive defendant for all common law tort claims and the case against the individual defendant is dismissed.  See also Sami v. United States, 617 F.2d 755, 768 (D.C. Cir. 1979) (federal employees immune from defamation suit when acting "within the ambit of discretion"); Trifax v. District of Columbia, 53 F. Supp. 2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the duties"), aff'd, 314 F.3d 641 (D.C. Cir. 2003).

Automatic dismissal of the case against the individual defendant is fully consistent with the exclusivity of the tort remedies provided by the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1).  The FTCA pre-empts any tort actions directly based on the common law or state law, including D.C. law, against the United States, its agencies, or employees.  See Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, No. 74-1899, (D.C. Cir., June 28, 1976), reprinted in 566 F.2d 289 App. A-1, at 295-99; Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

### B.     No Waiver of Sovereign Immunity Under the FTCA

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  Hercules Inc. v. United States, 516 US 417, 422-23 (1996) quoting United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  See also United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. at 399  ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88).

Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied."  Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).  "[A] waiver of [sovereign] immunity . . . must be 'unequivocally expressed.'"  Id.  See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992);  United States v. King, 395 U.S. 1, 4 (1969).   Such waivers are construed "strictly in favor of the sovereign."  Library of Congress v. Shaw, 478 U.S.

6

310, 318 (1986).  See also Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999);

United States v. King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).

Finally, a party bringing suit against the United States bears the burden to prove that the

government has unequivocally waived its immunity.  United States v. Sherwood, supra; Interstate

Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United

States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.),

cert. denied, 454 U.S. 1083 (1981).

The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy, for

claims for money damages sounding in tort for injuries to person or property as a result of an act

or omission by a federal agency or employee acting within the scope of employment.  28 U.S.C.

§§ 1346(b), 2671, 2675.  See, e.g., United States v. Smith, 499 U.S. 160 (1991) (FTCA is the

exclusive mode of recovery for the tort of a government employee, "even when the FTCA itself

precludes Government liability" or operates to preclude a remedy altogether);  Simpkins v.

District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997); see also Mitchell v. Carlson, 896

F.2d 128, 135 (5th Cir. 1990) (it is settled law that "Congress clearly intended the FTCA, with all

of its exclusions and limitations, to provide the sole remedy for persons injured by federal

employees acting within the scope of their employment").  The Act thus permits suits against the

United States subject to those terms and conditions imposed by the statute, which are to be

strictly construed.  Garcia v. United States, 776 F.2d 116, 118 (5th Cir. 1985); United States v.

Sherwood, 312 U.S. 584 (1941).  Plaintiff has failed to fulfill at least one of those mandatory

conditions: exhaustion of her administrative remedies.

The FTCA requires plaintiff to submit an administrative claim prior to suing in federal court.  See 28 U.S.C. § 2675(a).  Plaintiff fails to allege facts showing that she has exhausted her administrative remedies under the FTCA for the harm alleged in her complaint.  Indeed, the chronology of the events set forth in the Complaint render it nearly impossible for plaintiff to have fully and completely exhausted her claim.

Plaintiff has not alleged that she filed an administrative tort claim with HUD.  Moreover, even if she had filed one immediately after the alleged assault, the six months allotted for such a claim to be processed by the agency cannot have yet run.  See 28 U.S.C. § 2675(a).[2]  This requirement is jurisdictional and cannot be waived.  Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom. United States v. Hohri, 482 U.S. 64 (1987).  An action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed.  See 28 U.S.C. § 2401(b).  Therefore, because plaintiff has not properly exhausted her administrative remedies, this Court lacks jurisdiction to entertain plaintiff's tort

---

[2]  In pertinent part, the statute provides:

An action shall not be instituted upon a claim against the United States for money damages for injury of loss of property or personal injury . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

claims against the United States.  Id.; McNeil v. U.S. Public Health Serv., 508 U.S. 106 (1993);

GAF Corp. v. United States, 818 F.2d 901, 904 & n.86 (D.C. Cir. 1987).

Because plaintiff has not filed a claim for injury or damages with HUD, nor alleged to

have done so, plaintiff has failed to assert facts that would state a claim within the jurisdiction of

this Court.  See Declaration of Miniard Culpepper ("Culpepper Decl.") at ¶ 3; see Altman v.

Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the

United States in tort, it was also deficient in that, apart from other considerations, it failed to

allege the presentation of a claim to the appropriate Federal agency and a final disposition of the

claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981)

(dismissing for lack of jurisdiction, inter alia, because the complaint did not allege that an

administrative claim was presented to the Federal agency); Campbell v. United States, 496 F.

Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the

required administrative procedures were timely commenced and that there has been a final

disposition of the administrative claim by the appropriate agency or agencies.").  Nor can

plaintiff establish jurisdiction by filing an administrative complaint now because an action cannot

be maintained under the FTCA where the complaint is filed before such an administrative claim

is finally denied or six months have passed.  McNeil, 508 U.S. at 111-13.  Accordingly, this case

must be dismissed.  Fed. R. Civ. P. 12(b)(1).

9

**C.      Plaintiff's Intentional Tort Claim Must be Dismissed Because Assault Is Not Covered By the FTCA.**

There is a second, independent reason why this case should be dismissed.  The FTCA also specifies certain torts for which the statute expressly does <u>not</u> waive the government's sovereign immunity.  <u>See</u> 28 U.S.C. § 2680.  Among those exempted claims are those "arising out of assault, battery, . . . *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) shall apply to any claim arising . . .out of assault, [or] battery . . [.]" 28 U.S.C. § 2680(h).  Because neither Ms. Diggs nor Mr. Harris are or were investigative or law enforcement officers, the FTCA excludes all claims "arising out of assault [or] battery."  Because  the conduct alleged to be tortious falls within one of the exceptions in 2680(h) to the FTCA's limited waiver of sovereign immunity, the Court also lacks subject matter jurisdiction over the action.  <u>Dalehite v. United States</u>, 346 U.S. 15, 24 (1953); <u>Jablonski v. United States</u>, 712 F.2d 391, 395 (9th Cir. 1983); <u>Boda v. United States</u>, 698 F.2d 1174, 1176 (11th Cir. 1983); <u>Gibson v. United States</u>, 457 F.2d 1391, 1392 n.1 (3rd Cir. 1972); <u>Konecny v. United States</u>, 388 F.2d 59, 62 (8th Cir. 1967).

The "arising out of" language is broadly construed; the pertinent question is whether the plaintiff's claim is "within the words and reason of the exception." <u>Kosak v. United States</u>, 465 U.S. 848, 853 n.9 (1984).  <u>See</u> <u>also</u> <u>United States v. Shearer</u>, 473 U.S. 52 (1985).  In this case, the essence of plaintiff's claim is plainly one for assault by a co-worker.  Therefore, it is clear that plaintiff's complaint should be dismissed for a second, independent lack of jurisdiction.  Fed. R. Civ. P. 12(b)(1).

10

Moreover, even if plaintiff responds by asserting that she is not seeking money damages in this action, thus, taking her outside of the FTCA, it does not alter the fact that her claim is one against the United States for which she has failed to identify a waiver of sovereign immunity. Without bothering to identify any claim, plaintiff's Complaint focuses on her request for relief. The relief being sought by plaintiff would require Mr. Harris, a federal employee, to do something (ensure that he maintain a minimum distance of sixty feet from plaintiff) that he might not ordinarily do or prohibit him from doing something (such as passing plaintiff in the hallway) that he might ordinarily do in the course and scope of his federal employment.

An action seeking to compel an employee of the United States to do something is in the nature of mandamus.  See 28 U.S.C. § 1361.[3]  It is well-settled that the mandamus statute is not a waiver of sovereign immunity.  Washington Legal Foundation v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996), citing Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3-4 (1st Cir. 1989); Doe v. Civiletti, 635 F.2d 88, 89 (2d Cir. 1980); Smith v. Grimm, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976); Essex v. Vinal, 499 F.2d 226, 231-22 (8th Cir. 1974); Public Citizen v. Kantor, 864 F. Supp. 208, 213 (D.D.C. 1994).  A plaintiff seeking a writ of mandamus against a federal official to perform a duty imposed upon him in his official capacity needs no waiver of sovereign immunity because the suit is against a government official acting *ultra vires.*

---

[3]  The statute provides:

> The district courts shall have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

11

Washington Legal Foundation v. U.S. Sentencing Comm'n, 89 F.3d at 901; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949); Dugan v. Rank, 372 U.S. 609, 621-22 (1963).  Here, plaintiff is not seeking a writ of mandamus against Mr. Harris for actions taken beyond the scope of his employment.  Rather, she is requesting a court order which dictates Mr. Harris's activities within the scope of his employment; thus, plaintiff may not properly invoke the mandamus statute in support of her claim.

Where an action is nominally brought against a party other than the United States (in the instant action, an individual federal employee), the suit is deemed to be one against the United States if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or if the effect of the judgment would be "to restrain the government from acting, or to compel it to act."  Dugan v. Rank, 372 U.S.at 620, quoting Land v. Dollar, 330 U.S. 731, 738 (1947), and Larson, 337 U.S. at 704; Doe v. Civiletti, 635 F.2d 88, 93 n.13 (2d Cir. 1980).  In that event, the action will be dismissed for lack of subject matter jurisdiction.  See, e.g., Coggeshall, 884 F.2d at 3-4.

A judicial dictate requiring Mr. Harris to maintain a distance of at least sixty feet from plaintiff at all times would indeed interfere with the public administration by altering the daily activities of employees at HUD.  Because there is no suggestion by plaintiff that she has ever seen Mr. Harris anywhere other than at work in HUD, there can be no question that such an order would appear only to interfere with the functioning of HUD.  Dugan, 372 U.S. at 620, citing Land v. Dollar, 330 U.S. at 738.[4]  Moreover, requiring special security measures to ensure

---

[4] Plaintiff's unsupported and blithe suggestion that "orders of protection are generally issued by municipal courts that have the wherewithal to monitor the orders" (Pl.'s Opp. at 3 n.2) overlooks, among other things, that enforcement of such an order during the workday at HUD would present

compliance with the order might well entail spending public funds.  The court's elaboration in

Coggeshall is relevant here:

> [B]y requiring the expenditure of these funds on this particular
> endeavor, diverting them from other Navy projects, the district
> court's order will be a "restrain[t] on the government from acting or
> [will] compel it to act."

Coggeshall, 884 F.2d at 4, citing Dugan, 372 U.S. at 620.  Because the order sought by plaintiff

would so clearly "interfere with the public administration," whatever claim she grounds it upon

is one against the United States for which the sovereign has not waived immunity from suit.  It is

therefore subject to dismissal as a matter of law for lack of subject matter jurisdiction.[5]

---

a substantial jurisdictional question.  As a federal agency, HUD, and presumably its employees, would not appear to be subject to an order issued by a municipal court.  Cf. Houston Business Journal v. Office of the Comptroller of Currency, 86 F.3d 1208, 1212  n.4 (D.C. Cir. 1996).

[5]  The rationale for the perseverance of the doctrine of sovereign immunity -- a doctrine so seemingly unimpressed with notions of fairness -- in circumstances where judicial management of the Executive branch has been sought, is clearly set forth in the Larson decision itself, in a passage worth its length:

> It is argued that the principle of sovereign immunity is an archaic hangover not
> consonant with modern morality and that it should therefore be limited wherever
> possible.  There may be substance in such a viewpoint as applied to suits for
> damages.  The Congress has increasingly permitted such suits to be maintained
> against the sovereign and we should give hospitable scope to that trend. [footnote
> omitted] But the reasoning is not applicable to suits for specific relief.  For, it is one
> thing to provide a method by which a citizen may be compensated for a wrong done
> to him by the Government.  It is a far different matter to permit a court to exercise its
> compulsive powers to restrain the Government from acting, or to compel it to act.
> There are the strongest reasons of public policy for the rule that such relief cannot be
> had against the sovereign.  The Government as representative of the community as
> a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed
> question of property or contract right.  As was early recognized, 'the interference of
> the Courts with the performance of the ordinary duties of the executive departments
> of the government, would be productive of nothing but mischief.' (citation omitted).

Larson, 337 U.S. at 703-04.

13

### D.    Plaintiff's Hostile Work Environment Claim Should Be Dismissed.[6]

To the extent plaintiff is attempting to pursue relief under a hostile work environment claim, the Court should dismiss her case as she failed to exhaust her administrative remedies. A plaintiff who claims a Title VII violation must file an administrative claim to allow the agency time to act on the alleged violation. See 42 U.S.C. § 2000e-5(f)(1); see also Marshall v. Fed. Express Corp, 130 F.3d 1095, 1098 (D.C. Cir. 1997); Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995). The requirement that a plaintiff first pursue administrative remedies is a mandatory prerequisite to bringing suit. See 29 C.F.R. § 1614 et seq.; see also Bowden v. United States, F.3d 433, 437 (D.C. Cir. 1997). Exhaustion of administrative remedies is required "in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown v. General Servs. Admin., 425 U.S. 820, 833 (1976).

Accordingly, the scope of any subsequent Title VII lawsuit is limited to the "administrative investigation that can reasonably be expected to follow the charge of discrimination." Marshall, 130 F.3d at 1098 (citation and internal quotation omitted). The District of Columbia Circuit has consistently dismissed cases where plaintiffs have failed to exhaust administrative remedies prior to filing challenges under Title VII. See e.g., Rann v. Chao, 346 F.3d 192, 194-95 (D.C. Cir. 2003) (upholding district court's dismissal of plaintiff's claim for failure to exhaust administrative remedies); Stewart v. Ashcroft, 352 F.3d 422, 425-26

---

[6]  The head of the agency is the only proper defendant in a Title VII action, 42 U.S.C. § 2000e-16(c) (1982); Davis v. Califano, 613 F.2d 957, 958 n.1 (D.C. Cir. 1980); thus, this action against Mr. Harris should be dismissed.

(D.C. Cir. 2003) (affirming lower court's dismissal for failure to satisfy requirements for timely

exhaustion of administrative remedies).

In this case, Ms. Diggs initially contacted an EEO counselor on January 11, 2008, by

telephone and has had several telephone discussions with the EEO counselor since that time.  See

Declaration of Richard M. Maddow ("Maddow Decl.") at ¶ 4.  The EEO counseling stage

generally ends 30 days after a complainant's initial contact with an EEO counselor.  See 29

C.F.R. § 1614.105.  A complainant is then afforded an opportunity to file a formal EEO

complaint of discrimination after the completion of the EEO counseling.  See 29 C.F.R. §

1614.106.  Because Ms. Diggs initially contacted the EEO counselor on January 11, 2008, the

EEO counseling stage has not been completed and plaintiff has not filed a formal EEO

complaint; therefore, she has not exhausted her administrative remedies.  See Maddow Decl. at ¶

5.

Even if plaintiff had exhausted her administrative remedies, the offending behavior she

describes in her Complaint does not rise to the level of a hostile work environment.  In order to

establish a *prima facie* case of a hostile work environment, a plaintiff must offer evidence that

"the workplace is permeated with *discriminatory* intimidation, ridicule, and insult that is

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment."  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)

(emphasis added); Alexander v. Tomlinson, supra, at *14.  The Supreme Court reemphasized in

Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998), that the standards for finding a hostile

work environment are "sufficiently demanding to ensure that Title VII does not become a 'general

civility code'" and that the conduct must be so extreme as to amount to a change in the terms and

conditions of employment.  The Supreme Court directed the lower courts to determine whether an

environment was sufficiently hostile or abusive by looking at all the circumstances, including the

"frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

employee's work performance." Faragher, 524 U.S. at 787-788 (quoting Harris, 510 U.S. at 23).

See Singh v. House of Representatives, Comm. On Ways and Means, 300 F.Supp.2d 48 (D.D.C.

2004) (RMC) (finding that a rocky working relationship, being kept from important meetings,

being humiliated, supervisor raising voice and being constantly hostile and hypercritical were

ordinary tribulations of the workplace and not hostile work environment).

> Moreover, it must be clear that the hostile work environment was
> the result of discrimination based on a protected status.  As the
> Second Circuit has explained: Everyone can be characterized by sex,
> race, ethnicity, or (real or perceived) disability; and many bosses are
> harsh, unjust, and rude.  It is therefore important in hostile work
> environment cases to exclude from consideration personnel
> decisions that lack a linkage or correlation to the claimed ground of
> discrimination.  Otherwise, the federal courts will become a court of
> personnel appeals.

Silver v. Leavitt, 2006 WL 626928 (D.D.C. March 13, 2006) at *11 (unreported) (citing Alfano v.

Costello, 294 F.3d 365, 377 (2d Cir. 2002).

Under the standards established by the Supreme Court, plaintiff cannot establish a claim of

hostile work environment.  First, she does not allege that the conduct about which she complains is

motivated by discrimination or retaliation.  Moreover, even if it were, the conduct involved two

isolated events, rather than severe or pervasive conduct altering the conditions of plaintiff's

employment.  See Harris v. Forklift Systems, Inc., 510 U.S. at 21.

## IV.    CONCLUSION

The certification filed by the United States results in the substitution of the United States as party defendant for the individual defendant.  The action must be dismissed, therefore, against the individual defendant Arthur Harris.  Moreover, the entire case must be dismissed for failure to exhaust administrative remedies under the FTCA and Title VII, because the tort alleged is not within the limited waiver of sovereign immunity in the FTCA and is, therefore, outside the Court's jurisdiction and barred as a matter of law, and because the Complaint fails to state a claim upon which relief may be granted.

Dated: February 5, 2008

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


___/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4112
Washington, D.C. 20530
(202) 307-0338

## **CERTIFICATE OF SERVICE**

I certify that I caused copies of the foregoing **Defendant's Motion to Dismiss and Memorandum in Support of Motion to Dismiss** with attachments to be served by first class mail upon Plaintiff, pro se, at:

Marisa E. Diggs
P.O. Box 23119
Washington, D.C. 20026

on this 5th  day of February, 2008.

/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____   )
                                    )
MARISA E. DIGGS,                    )
                                    )
              Plaintiff             )          Civil Action No. 08-0171 (RBW)
                                    )
        v.                          )
                                    )
ARTHUR HARRIS,                      )
                                    )
              Defendant.            )
_____   )

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record

herein, it is this ___ day of _____, 2008, hereby

ORDERED, that Defendant's motion to dismiss is hereby GRANTED; and it is

FURTHER ORDERED, that this case is dismissed with/without prejudice.

_____
UNITED STATES DISTRICT JUDGE

Copies of this Order to:

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C.  20530

Marisa E. Diggs
P.O. Box 23119
Washington, D.C. 20026

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARISA E. DIGGS                           )
                                          )
                     Plaintiff,           )
                                          )
          v.                              )    Civil Action No. 08cv*0171*
                                          )
ARTHUR HARRIS                             )
                                          )
                     Defendant.           )
_____ )

### CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for

the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue

of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated

to me on March 20, 2006, hereby certify that I have read the complaint in Marisa E. Diggs, v.

Arthurs Harris, No. 08-0000500 (Super Ct. DC filed January 22, 2008), and that on the basis of

the information now available to me with respect to the incidents alleged therein, I find that the

named federal defendant – Arthur Harris – was acting within the scope of his employment as an

employee of the United States at the time of the alleged incidents.


January 29, 2008                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney
                                          Chief, Civil Division

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| MARISA E. DIGGS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-0000500 |
| | : | |
| ARTHUR HARRIS | : | |
| | : | |
| Defendant. | : | |

### DECLARATION

I, Miniard Culpepper, pursuant to 28 U.S.C. Section 1746, declare and state as follows:

1.     I am the Regional Counsel for the New England Region for the United States Department of Housing and Urban Development.

2.     In this position I am responsible for supervising the review and processing of all tort claims filed with the United States Department of Housing and Urban Development pursuant to the Federal Tort Claims Act.  Under HUD procedures, administrative tort claims filed with HUD must be referred to my office for processing under 24 C.F.R. Part 17, Subpart A.

3.     A search of the files in my office has been conducted.  Based on this search, and to the best of my knowledge, the named plaintiff, Marissa E. Diggs, has not filed a claim for injury or damages with the U.S.  Department of Housing and Urban Development.

4.     I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of January, 2008.

Miniard Culpepper
Regional Counsel for New England
U.S. Department of Housing and Urban Development
10 Causeway Street, Room 310
Boston, MA 02222

## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARISA E. DIGGS<br>P.O. Box 23119<br>Washington, D.C. 20026 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. 08cv00171 (RBW) |
| ARTHUR HARRIS<br>451 7th Street, S.W.<br>Rm. 6235<br>Washington, D.C. 20410 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>)<br>) | |

## DECLARATION OF RICHARD M. MADDOW

I, Richard M. Maddow, declare that the following is true and correct:

1.   I am currently a full time EEO counselor for the U.S. Department of Housing and Urban Development (HUD), San Francisco Regional Office, 600 Harrison St., 3rd Floor, San Francisco, California 94107. I have been a full time EEO counselor since April 2007.

2.   My responsibilities as an EEO counselor include counseling Agency employees who file claims of discrimination against HUD. I interview complainants and management officials, and attempt to resolve informal EEO complaints. During the processing on an EEO complaint I normally request the complainant to complete a form titled "Informal Complaint of Discrimination," which requests specific information from a complainant concerning various biographical information, as well as the bases of any alleged discrimination and the specific details of any alleged incidents of discrimination. As part of my duties as an EEO counselor, I

also complete a counselor's report after the completion of EEO counseling and at the time that the individual files a formal complaint of discrimination.

3. I am aware that on January 22, 2008, Marisa E. Diggs, who is employed in the Office Housing for HUD, filed a civil action in the Superior Court of the District of Columbia against Arthur Harris, who is also employed by HUD. I understand that in this civil action, Ms. Diggs alleges that on or about January 17, 2008, Mr. Harris was disrespectful to her and that she became fearful of and threatened by Mr. Harris. I also understand that Ms. Diggs also alleges in this civil action that on November 1, 2007, Mr. Harris threw documents in her work area.

4. Ms. Diggs initial EEO contact was on January 11, 2008, thereafter I was contacted by the Acting EEO Division Director and asked to assist Ms. Diggs. On January 16, 2008, I spoke with Ms. Diggs by telephone and I have had several discussions with her by telephone since that time.

5. The EEO counseling stage generally ends 30 days after a complainant's initial contact with an EEO counselor. A complainant then is afforded an opportunity to file a formal EEO complaint of discrimination after the completion of the EEO counseling. Because Ms. Diggs initial contact was on January 11, 2008, the EEO counseling stage has not been completed.

I Declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this ___4___ day of February 2008, in San Francisco, California.

RICHARD M. MADDOW