UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARISA E. DIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-171 (RBW) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Marisa E. Diggs, the plaintiff in this civil suit, filed separate motions for a temporary restraining order and a preliminary injunction in the Superior Court for the District of Columbia (the "Superior Court") on January 22, 2008, in which she requested that the Superior Court place one of the plaintiff's co-workers, Arthur Harris, "in a[n] 'anger management program,'" compel Harris to "stay [sixty feet] away from [the plaintiff]," and force Harris to "apolog[ize] in writing and face-to-face" to the plaintiff. Motion for Temporary Restraining Order at 1; see also Motion for Preliminary Injunction at 1 (same).[1] As best the Court can glean from the narrative attached to the plaintiff's motions, the plaintiff seeks injunctive relief against Harris because "on November 1, 2007, . . . Harris threw documents in [the plaintiff's] work area," Attachment at 2, and, after interrupting a meeting between the plaintiff and her supervisor on January 17, 2008,

---

[1] The plaintiff's motions and the attachment and exhibits thereto are included as unmarked attachments to the defendant's notice of removal as required by 28 U.S.C. § 1446(a).

1

"look[ed] at [the plaintiff] with his eyes bucked, arms up and hands in a fist position blocking [the plaintiff] from leaving the director's office," id. at 1.

On January 29, 2008, Rudolph Contreras, the Chief of the Civil Division of the United States Attorney for the District of Columbia, filed a certification that Harris "was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents." Certification at 1.[2] The United States filed a notice of removal of the case to this Court that same day pursuant to the Westfall Act, 28 U.S.C. § 2679 (2000), and 28 C.F.R. § 15.4. Notice of Removal of a Civil Action at 1; see also 28 U.S.C. § 2679(d)(2) (providing that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," a civil action in state court arising out of that claim "shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending"), 28 C.F.R. § 15.4(a) (authorizing "any Director of the Torts Branch, Civil Division, Department of Justice, . . . to make the statutory certification" set forth in § 2679). Thus, the plaintiff's request for preliminary injunctive relief is now pending before this Court.[3]

A preliminary injunction "is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." Chaplaincy of

---

[2] Contreras's certification is attached as an unmarked exhibit to the defendant's notice of removal.

[3] The standards for obtaining a temporary restraining order and a preliminary injunction are substantively identical; however, a temporary restraining order "may be granted without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b), whereas "[n]o preliminary injunction shall be issued without notice to the adverse party," id. at 65(a)(1). As the defendant has received notice of the plaintiff's request for injunctive relief, the plaintiff's motion for a temporary restraining order is duplicative of her motion for a preliminary injunction, and is therefore denied.

Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (internal quotation and citation omitted). In deciding whether to grant preliminary injunctive relief, the Court "must examine whether (1) there is a substantial likelihood [the] plaintiff will succeed on the merits; (2) the plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by the injunction." Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157 (D.C. Cir. 2007) (internal quotation and citation omitted). The Court "must balance these factors, and if the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." Id. (internal quotation and citation omitted). "Despite this flexibility, though, a movant must demonstrate at least some injury for a preliminary injunction to issue, . . . for 'the basis of injunctive relief in the federal courts has always been irreparable harm.'" Chaplaincy of Full Gospel Churches, 454 F.3d at 297 (quoting Sampson v. Murray, 415 U.S. 61, 88 (1974) (quotation omitted)) (further internal quotation omitted).

      The plaintiff cannot satisfy this threshold requirement for preliminary injunctive relief. While the plaintiff states that Harris's conduct made her feel "fearful and threatened," Attachment at 1, her allegations do not remotely suggest that the plaintiff is in danger of suffering any physical injury from Harris, much less the kind of "actual" threat "both great and certain" that is "of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." Wisc. Gas Go. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (internal quotation and citations omitted) (emphasis in original). Accordingly, the Court need not consider the other factors set forth in Ellipso, but rather must deny the plaintiff's request

for preliminary injunctive relief based on her failure to demonstrate any irreparable injury absent such relief.[4]

It is therefore

**ORDERED** that the plaintiff's request for preliminary injunctive relief is **DENIED**.

**SO ORDERED** this 6th day of February, 2008.

                                                                REGGIE B. WALTON
                                                                United States District Judge

---

[4] Although the Court disposes of the plaintiff's request for preliminary injunctive relief based on her failure to demonstrate any irreparable injury absent injunctive relief, the other factors usually considered in determining the propriety of such a request also weigh against the plaintiff.  Because the United States is now the defendant in this case, the only recourse to the plaintiff for any tortious conduct by Harris is that found in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (2000) (the "FTCA").  However, the FTCA does not apply to "[a]ny claim arising out of assault [or] battery . . . ."  28 U.S.C. § 2680(h).  Even if one were to assume arguendo that Harris's actions were not within the scope of his employment and he was the proper defendant in this case, his behavior, as alleged by the plaintiff in her narrative, does not indicate "an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim" as required to state a claim for assault under District of Columbia law.  Evans-Reid v. District of Columbia, 930 A.2d 930, 937 (D.C. 2007) (internal quotation and citation omitted).

As for the public interest factor of the Ellipso test, it is well-established in this Circuit that "it is in the public interest to deny injunctive relief when the relief is not likely deserved under law."  Hubbard v. United States, 496 F. Supp. 2d 194, 203 (D.D.C. 2007) (quoting Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 287 (D.D.C. 2005)); see also Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1326 (D.C. Cir. 1998) ("The final preliminary injunction factor, the public interest, . . . is inextricably linked with the merits of the case.").  And there can be no serious doubt that an injunction forcing the United States to keep two of its employees sixty feet apart at all times would consume government resources, thereby injuring the United States.  The plaintiff's request for preliminary injunctive relief is therefore totally without merit.